[No. 10858. Department One. April 7, 1913.]

SCHEUERMAN INVESTMENT COMPANY, *Respondent*, v. LAND OWNERS CORPORATION, *Appellant*.[1]

BOUNDARIES—ESTABLISHMENT—DESCRIPTION IN DEEDS—EVIDENCE —SUFFICIENCY. Where a grantee in a deed platted the land and actually surveyed and staked the addition upon the ground conforming substantially to the description in his deed, such description must be taken as fixing the boundaries of the tract, notwithstanding that there appears of record a subsequent deed, between the same parties, purporting to be given to correct the description in the first deed, and fixing the west boundary of the tract thirty-five feet east of the boundary first fixed and platted on the ground, where it does not appear that the grantee ever accepted the second deed or caused it to be recorded and had no remembrance of it; nor is such conclusion overcome by the fact that the description in the paper plat conformed more nearly to the description in the second deed than to that in the first deed, the plat omitting reference to a granite monument controlling the description in the deeds.

Appeal from a judgment of the superior court for King county, Albertson, J., entered September 12, 1912, in favor of the plaintiff, after a trial on the merits before the court, in an action to establish a boundary line. Affirmed.

*Preston & Thorgrimson*, for appellant.

*James Kiefer*, for respondent.

PARKER, J.—The object of this action is to settle a land boundary dispute. On April 9, 1890, Christian Scheuerman, who was then the owner of the adjoining tracts of land now owned by the parties to this action, conveyed by deed to Albert M. Brooks a tract of land, the south and westerly boundaries of which were described therein as follows:

"Commencing at the quarter section post between section ten (10) and fifteen (15), township twenty-five (25), north range three (3) east, W. M. and running thence due north, variation twenty-two (22) degrees and forty (40) minutes east, twenty-three hundred and fifty-five and fifty-five hun-

[1]Reported in 131 Pac. 216.

dredths (2355 & 55-100) feet to a granite monument [this being the beginning point on the south boundary of the land conveyed]; thence west four hundred (400) feet; thence in a northerly direction, making an angle of ninety-four (94) degrees and sixteen (16) minutes with the first course thirteen hundred and ninety-three (1393) feet to the shore of Puget Sound; . . ."

This deed appears to have been recorded at the request of Brooks, the grantee, in the auditor's office of King county on April 11, 1890. On May 13, 1890, there was signed and acknowledged another deed by Scheuerman, purporting to convey to Brooks land the south and westerly boundaries of which were described as in the deed of April 9, 1890, except the call west from the granite monument was stated therein as 364.53 feet, the difference in the description of the two deeds being a strip of land 35.47 feet wide lying along the westerly boundary, which strip of land is approximately the land here in controversy. Of this deed Brooks has no remembrance and no idea why it was executed. It appears to have been recorded on May 26, 1890, at the request of one Wheeler. There is, however, nothing in the record showing that Wheeler caused it to be recorded at the instance of Brooks, and we have no further information pointing to the fact that Brooks ever voluntarily received this deed. It purports upon its face to have been executed for the purpose of correcting the description in the deed of April 9, 1890, and recites as follows:

"This instrument is made to correct the description in a certain deed, bearing date the ninth day of April, 1890, made by Christian Scheuerman to Albert M. Brooks and which deed is recorded in volume 97 of deeds, on page 227 of deed records in the auditor's office in King county, state of Washington."

In March, 1891, Brooks caused Bay Terrace addition to the city of Seattle to be surveyed and staked upon the ground, and a plat thereof in usual form to be recorded in the auditor's office of King county. This survey and plat

covers a large part of the land described in the deeds above mentioned, and it was the evident intent of Brooks to thus survey and plat the land clear up to his westerly boundary. The initial point of the plat as designated thereon is the southwest corner of the southwesterly block thereof, "which is 363.8 feet west of, and 2,385 feet north of, the quarter section corner" mentioned as the beginning point in the description in the deeds. The granite monument is not mentioned upon the recorded plat. The westerly boundary of the plat is six feet to the west of this initial point. As this addition was actually surveyed and staked upon the ground, its westerly boundary conforms substantially to the description in the first deed to Brooks, though according to the designation of the initial point on the paper plat as recorded, the plat may seem to more nearly conform to the description in the second deed to Brooks. It is to be noticed, however, that the granite monument does not control the location of this westerly boundary of the plat. Plaintiff's land consists of a number of lots in the westerly tier of blocks of the plat, the westerly line of the lots being within six feet of the westerly line of the plat, the alley of that width being between. The plaintiff holds these lots by mesne conveyances from Brooks. In July, 1893, Christian Scheuerman executed and delivered to Lizette Backus a deed for a tract of land, the easterly boundary of which is therein described as "Commencing at the southwest corner of Bay Terrace addition to Seattle, recorded in the office of the county auditor of King county, state of Washington in volume seven (7) of plats, on page 61, running north 4° 16" west thirteen hundred and ninety three (1,393) feet more or less, along the line of said Bay Terrace tract, to high water mark on Puget Sound." Defendant holds this tract of land by mesne conveyances from Lizette Backus. We do not find anything in the record warranting the conclusion that the land in dispute is in the physical possession of any one. These, in substance, are the material facts, as we view them, from which the respective

rights of the parties are to be determined. From a decree in favor of the plaintiff, adjudging the true easterly line of the defendant's land to be the westerly line of Bay Terrace addition as it was surveyed and staked upon the ground, the defendant has appealed.

The claims of appellant rest almost wholly upon the force and effect to be given to the second deed from Scheuerman to Brooks, purporting to be a deed of correction of the description in the first deed. It seems to us that the facts above summarized leave little to be said touching the correctness of the learned trial court's disposition of the case. It seems that Brooks claimed title under the first deed to him, in conformity with which he platted the addition and caused it to be surveyed and staked upon the ground. The purported deed of correction is not shown to have been executed under such circumstances as warrant the conclusion that Brooks was thereby divested of title to the strip lying between the westerly boundaries of the descriptions in the deeds, and which he clearly acquired by the first deed. We are also of the opinion that the seemingly nearer conformity of the recorded plat with the description of the purported correction deed does not warrant the view that Brooks thereby adopted that deed as a correction deed. We have noticed that the plat is not controlled by the granite monument, and it may be that a survey north and west from the quarter section corner, ignoring the granite monument, as was done in the original survey and location of the addition upon the ground, would locate the southwest corner of the addition four hundred feet west of the granite monument, as called for in the first deed to Brooks under which he evidently claimed title. This record lends fully as much support to the view that such a location of that corner is in conformity with the description in the first deed, as to the view that the granite monument is in fact located due north of the quarter corner. We conclude that the westerly boundary of Bay Terrace addition is as orig-

inally surveyed and staked upon the ground, and that it is also the easterly boundary of appellant's land.

The judgment is affirmed.

CROW, C. J., MOUNT, CHADWICK, and GOSE, JJ., concur.